UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARENCE WOOD, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 18-cv-04992 |
| v. ) | |
| ) | |
| FINANCIAL RECOVERY SERVICES, INC., ) | |
| ) | <u>Jury Demanded</u> |
| *Defendant*. ) | |

## COMPLAINT

Plaintiff, Clarence Wood, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide complete and truthful information in connection with its attempt to collect an alleged debt from Plaintiff. *Bellwood v. Dwivedi*, 895 F.2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from

misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

5. Plaintiff, Clarence Wood ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Household Finance consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant, Financial Recovery Services, Inc. ("FRS") is a Minnesota corporation that does or transacts business in Illinois. Its registered agent and office are C T Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. (Exhibit A, Record from Illinois Secretary of State).

7. FRS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others from Illinois consumers.

8. FRS held a collection agency license from the State of Illinois at the time of the events complained of herein and was a licensed Collection Agency.

9. FRS regularly collects or attempts to collect defaulted consumer debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10. According to Defendant, Plaintiff incurred a debt for goods and services used for personal purposes, originally for a Household Finance consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

11. Due to his financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

12. The debt was sold to another company, CACH, LLC, and FRS subsequently began collecting the alleged debt.

13. On or about July 20, 2017, FRS mailed a collection letter ("Letter") directly to Plaintiff regarding the alleged debt. (Exhibit B, Collection Letter).

14. The Letter conveyed various information regarding the account, including an account number, the original creditor, and a total balance due.

15. Thus, the Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

16. The Letter states in pertinent part:

***** Assigned as a Pre-Legal Account *****

Please be advised that CACH, LLC the current creditor-debt purchaser has purchased the account referenced above and it has been assigned to our office as a Pre-Legal account.

17. FRS is not a law firm and is not licensed to practice law in the state of Illinois.

18. The Letter further states:

This account meets our client's guidelines for placement with a law firm. If we cannot resolve this account, our client will place the account with a law firm. As of today, no attorney has reviewed the particular circumstances of this account to determine whether or not a lawsuit should be filed against you. We are not a law firm and we cannot provide you with legal advice or sue on any account. We do not make any decision whether to place any account with a law firm as that decision rests solely with our client.

19. The unsophisticated consumer is unable to decipher the conflicting messages in the letter (e.g. "assigned as a pre-legal account" and "no attorney has reviewed the particular circumstances of this account."). The overwhelming amount of legal language in the Letter makes the unsophisticated consumer believe that legal action is a possibility. FRS employed this

language to communicate to the consumer that "the price of poker has just gone up;" the language is designed "to get the debtor's knees knocking." *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996) (analyzing a letter sent to a consumer on attorney letterhead by a non-attorney).

20. Furthermore, because FRS is not a law firm it is not capable of properly analyzing the legal claims it is making, including that the account is a pre-legal account or can ever be referred to an attorney (e.g. that its client possesses the documentation needed to even consider legal action, that the claim is not time-barred, etc.).

21. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt. . . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

22. FRS made a deceptive and misleading representation in violation of 15 U.S.C. §§1692e, 1692e(2) and 1692e(10) when it communicated that legal action was possible without having the ability to make a legal determination as to the viability of legal action.

23. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision-making process, are material. *See Lox v. CDA*, 689 F.3d 818, at 827. Here, Defendant's misrepresentation that legal action could be possible would make the unsophisticated consumer

believe that she was required to pay the debt in full to avoid possible legal action by Defendant's client.

24. Further, FRS is not a law firm and does not file lawsuits on behalf of creditors.

25. Therefore, FRS is not authorized to threaten a citizen of Illinois with possible legal action on behalf of another party.

26. FRS' opinion that its client, CACH, LLC, could forward the account to a law firm for possible legal action requires the use of legal knowledge and is therefore "practicing law" in Illinois. *See In re Howard*, 721 N.E.2d 1126, 1134 (1999).

27. Engaging in the unauthorized practice of law in connection with the attempt to collect a debt constitutes an unfair practice.

28. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

29. FRS used unfair means to collect a debt, in violation of 15 U.S.C. §1692f, when it threatened the possibility of legal action by another party without being authorized to practice law in Illinois.

30. Collection agency letters threatening legal action constitute unauthorized practice of law. *Withers v. Eveland*, 988 F. Supp. 942 (E.D. Va. 1997) (non-lawyer collector who threatened to sue violated FDCPA); *State ex rel. Porter v. Alabama Ass'n of Credit Executives*, 338 So. 2d 812 (Ala. 1976) (letters threatening legal action constitute unauthorized practice of law).

31. FRS could have avoided violating the FDCPA by not referencing legal action in its Letter at all.

32. Plaintiff experienced negative emotions about Defendant's collection communications, including general annoyance, aggravation, and other garden variety emotional distress.

33. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff re-alleges above paragraphs as if set forth fully in this count

35. FRS made a deceptive and misleading representation in violation of 15 U.S.C. §§1692e, 1692e(2) and 1692e(10) when it communicated that legal action was possible without having the ability to make a legal determination as to the viability of legal action.

36. FRS used unfair means to collect a debt, in violation of 15 U.S.C. §1692f, when it threatened the possibility of legal action by another party without being authorized to practice law in Illinois.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in favor of Plaintiff and against Defendant as follows:

    A.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman

Michael Wood
Celetha Chatman
***Community Lawyers Group, Ltd.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com